UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                    :

MICHAEL SMITH,                        :

                      Plaintiff,     :

                                :                26-CV-3263 (VSB)

           -against-        :

                                :                     **ORDER**

MYKHAYLO ZHAKUT, *et al.*,       :

                                :

               Defendants.    :

                                :

------------------------------------------------------------- X
VERNON S. BRODERICK, United States District Judge:

Plaintiff filed this action in New York Supreme Court, Bronx County, on March 4, 2026.

(Doc. 1 ("Notice of Removal"), Ex. A at 9–19[1] ("Compl.").)  On April, 21, 2026, Defendants

removed the action to federal court, asserting that I have diversity jurisdiction over this case

pursuant to 28 U.S.C § 1332.  (Notice of Removal ¶¶ 5–19.)  Defendants assert that there is

complete diversity of citizenship present between the parties because:  (1) Plaintiff is a "a citizen,

resident and domiciliary of Bronx County, New York," (*id.* ¶¶ 11–12); (2) Defendant Mykhaylo

Zhakut is "a citizen, resident and domiciliary of the State of Missouri," (*id.* ¶¶ 5–6); and (3)

Defendant MZ Line Express LLC is "incorporated in the State of Missouri," with a principal

place of business in Missouri, (*id.* ¶¶ 7–10).

For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), an LLC "takes the

citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Cap.*

*Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Here, Defendants have failed to allege this

information as to MZ Line Express LLC.  Courts are "entitled at any time *sua sponte* to delve

into the issue of whether there is a factual basis to support the District Court's exercise of subject

---

[1] The cited page numbers in this document refer to the ECF stamp page numbers, not the original page numbers in Plaintiff's filed document.

matter jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997).  Because the defects in the Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal.  *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (summary order) (affirming the district court's ruling granting the defendant leave to amend the notice of removal to add specificity as to the defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (internal quotation marks omitted)); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Therefore, on or before June 15, 2026, Defendant shall file an amended Notice of Removal confirming the citizenship of the members of Defendant MZ Line Express LLC.

SO ORDERED.

Dated:      June 1, 2026
            New York, New York

Vernon S. Broderick
United States District Judge